UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE SMITH

                                 Plaintiff,

        v.

GLENN GOORD, et al.,

                                 Defendants.

_____

DECISION & ORDER

04-CV-6432P

On September 8, 2004, plaintiff filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated because Muslim religious services are not offered at the facility in which he is incarcerated. (Docket # 1). Currently pending is plaintiff's motion to compel an order from this Court permitting him to take the deposition of defendants and four "inmate witnesses." Plaintiff further requests that he be permitted to record such depositions by using a tape-recorder, rather than a stenographer, and that he be provided with a recording device and two blank audio-tapes. (Docket # 24).

Rule 30(b) of the Federal Rules of Civil Procedure provides that "[u]nless the court orders otherwise, [a deposition] may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means." Fed. R. Civ. P. 30(b)(2). The rule further requires that unless otherwise agreed by the parties, a deposition must also be conducted before an officer who, among other things, administers the oath to the deponent. Fed. R. Civ. P. 30(b)(4).

In support of his motion, plaintiff directs the Court to the recent case, *Beckles v. Artuz*, 2005 WL 702728, *slip op.* at *2 (S.D.N.Y. 2005).  In that case, the inmate plaintiff was permitted to conduct a deposition by audio recording.  Such permission, however, was conditioned upon the plaintiff's submission to the court of a proposal addressing who should bear the costs associated with conducting the deposition, as well as the fee of the officer who administers the oath.  *Id.*  Plaintiff in this matter has not demonstrated an ability to pay the costs associated with the requested depositions; rather, his motion includes a request that he be provided with a recording device and blank audio-tapes.  Moreover, plaintiff has failed to demonstrate an inability to obtain the desired information through alternative methods of discovery available to him, such as depositions upon written questions under Fed. R. Civ. P. 31 or interrogatories under Fed. R. Civ. P. 33.

Accordingly, in the absence of such a showing, plaintiff's motion to compel tape-recorded depositions (Docket # 24) is **DENIED** at this time.

**IT IS SO ORDERED.**

      s/Marian W. Payson
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      July  7 , 2005.