UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE SMITH

                        Plaintiff,

                v.

GLENN GOORD, et al.,

                        Defendants.

_____

REPORT & RECOMMENDATION

04-CV-6432CJS

       On September 8, 2004, plaintiff Andre Smith filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated because he was not permitted to participate in Muslim religious services while incarcerated at the Lakeview Correctional Facility. (Docket # 1). Currently pending is Smith's motion for leave to file a supplemental complaint, alleging, *inter alia*, that after he was transferred to the Southport Correctional Facility, certain defendants at that facility assaulted him in retaliation for his filing of the original complaint. (Docket # 39). Also before the Court is a separate motion by Smith for leave to file a second amended complaint. In that motion, Smith seeks to assert additional claims relating to violations of his constitutional rights allegedly committed while he was still at the Lakeview Correctional Facility by the original defendants, as well as certain newly-identified defendants. (Docket # 57). Defendants generally oppose both of Smith's motions.[1] (Docket # 60).

---

[1] As described below, with respect to Smith's motion for leave to file a second amended complaint, defendants do not oppose the assertion of an Eighth Amendment claim against defendant Thomas Whelan. Their opposition papers are silent as to Smith's request to add claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

**DISCUSSION**

I. <u>Standard of Review</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Similarly, Rule 15(d) permits the Court, upon motion of a party, to allow the filing of a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Supplemental relief "may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, *1 (S.D.N.Y. 1991). *See Carter v. Atruz*, 1998 WL 782022, *2 (S.D.N.Y. 1998) (purpose of Rule 15(a) is to permit assertion of matters that were "either overlooked or unknown" at time of original pleading; purpose of Rule 15(d) is to enable a party to set forth in a supplemental pleading events that "happened since the date of original pleading").

If the supplemental claim is filed before the applicable statute of limitations has run, as it was in this case, the standard of review for both Rule 15(a) and Rule 15(d) is the same. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987) ("The standard for the exercise of discretion on a motion to supplement the pleading is the same as that for disposition of a motion to amend"), *aff'd*, 848 F.2d 389 (2d Cir. 1988). Thus, under either rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889

F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 160 F. Supp. 2d 657, 666 (S.D.N.Y. 2001)). Thus, the court "must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." *Santiago v. Steinhart,* 1993 WL 410402, *2 (S.D.N.Y. 1993).

In addition, in considering whether to permit the inclusion of additional parties, Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

## II.  Smith's Motion to Supplement his Complaint

Smith's original complaint was filed in September 2004 and alleged that defendants at the Lakeview Correctional Facility denied him the right to practice the Muslim religion in violation of the First Amendment. (Docket # 1). In his motion to supplement his complaint, Smith seeks to include claims arising from events at a different correctional facility, which Smith contends were committed in retaliation for his filing of the original complaint. (Docket # 39). The proposed supplemental claims are based primarily upon Smith's allegations

that Correctional Officers Augustine, Gilbert and Hable assaulted him on July 5, 2005, approximately one year after the filing of the original complaint. According to Smith, prior to and immediately following the assault, Officer Augustine taunted him with derogatory statements about his religion and his previously-filed lawsuit. The complaint further alleges that Augustine had learned about the lawsuit approximately two months earlier when he escorted Smith to a telephone conference with the court concerning the case. (Docket # 39).

As stated above, the purpose of a supplemental complaint is to allow the inclusion of new defendants and new claims arising since the date of the original pleading, if the new claims are "adequately related to the original claims." *McLean v. Scully*, 1991 WL 274327 at *1. Here, the original complaint relates principally to the allegation that all Muslim prisoners at the Lakeview Correctional Facility are denied the right to practice their religion, while the proposed supplemental claims focus on acts allegedly targeted at and perpetrated on Smith personally, namely, the July 5, 2005 assault that is at the heart of the claims. None of the defendants named in the original complaint (from the Lakeview facility) are alleged to have been involved in the assault committed at the Southport facility. The only defendant common to both the original and supplemental claims is Commissioner Goord, who Smith fails to allege was personally involved in the alleged retaliatory assault. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (in §1983 cases, plaintiff must demonstrate a particular defendant's personal involvement in the alleged constitutional deprivation); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989) (doctrine of *respondeat superior* does not apply in § 1983 cases).

The only connection between the original complaint and the proposed supplemental claims are Smith's allegations that the events giving rise to the supplemental

claims were committed in retaliation for his initiation of this lawsuit. Those allegations are indeed quite specific and appear to adequately state a claim for relief. *See Colon v. Coughlin*, 58 F.3d at 872. The question before this Court, however, is whether the purpose of Rule 20 and judicial economy would be served by combining the original and the supplemental claims into a single proceeding. I conclude that they would not.

Other than Commissioner Goord, there is no overlap between the named defendants in both complaints; the events at issue in both complaints are separated by more than a year; and, there is no suggestion that the original defendants were involved in the alleged retaliatory actions taken against Smith in a different facility over a year later. Indeed, the allegations are to the contrary. It appears that the events at issue in the proposed supplemental complaint began when one of the proposed defendants learned about Smith's lawsuit when he escorted him to a telephone conference with the court concerning that suit. Considering these allegations, I find no basis to conclude that any efficiencies would be gained by consolidating these claims for trial. Nor do I find that Smith's right to relief based upon the allegations in the supplemental complaint "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" at issue in the original complaint or that it gives rise to "any question of law or fact common to [the] defendants" in both complaints. *See* Fed. R. Civ. P. 20(a). *See Davis v. State of New York*, 1999 WL 1390247, *5 (W.D.N.Y. 1999) (denying motion to supplement complaint because "[p]laintiff's conclusory allegations concerning the conduct of the defendants are not sufficient to show a retaliatory motive"); *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993) (denying motion to supplement complaint to include claims occurring at subsequent correctional facility; "[a]lthough the proposed supplemental complaint contains

allegations of retaliation, he fails to connect these actions with the named defendants [in the original complaint]"), *aff'd*, 48 F.3d 81 (2d Cir. 1995).

Accordingly, it is my recommendation that Smith's motion for leave to file a supplemental complaint be denied.  If Smith wishes to file claims relating to the alleged constitutional violations committed at the Southport Correctional Facility, he may do so by filing a separate complaint.

### III.  Smith's Motion to Amend his Complaint

Smith's second motion seeks leave to amend his complaint to include proposed defendants Chaplain W. Werbicki and Deputy Superintendent of the Lakeview Correctional Facility Tim F. Sheehan, and to add eight additional causes of action against the new and existing defendants.  (Docket # 57).  Defendants oppose the motion as to several of the proposed amended claims and also oppose the inclusion of Commissioner Goord in any of the proposed claims.[2]  According to defendants, Smith has failed to allege any personal involvement by Goord and thus may not assert the proposed new Section 1983 claims against him.  (Docket # 60).

In Section 1983 cases, a plaintiff must demonstrate a defendant's personal involvement in the alleged constitutional deprivation.  *Colon*, 58 F.3d at 873; *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *see also Al-Jundi v. Estate of Rockefeller*, 885 F.2d at 1065 (doctrine of *respondeat superior* does not apply in Section 1983 cases).  Personal involvement of a supervisory official may be demonstrated through evidence

---

[2] Defendants' opposition papers do not address Smith's first three proposed amended claims relating to claims under the Religious Land Use and Institutionalized Persons Act and the Establishment Clause and the Free Exercise Clause of the First Amendment.  (Docket # 60).

that: "(1) the [official] participated directly in the alleged constitutional violation, (2) the [official], after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the [official] created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the [official] was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the [official] exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring." *Colon*, 58 F.3d at 873.

Applying this law, I recommend, as set forth below, that certain claims against Commissioner Goord should proceed, while others should be foreclosed.

**1. RLUIPA Claim:** The first proposed claim Smith seeks to assert through his amended complaint is based upon the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Smith alleges that previously-named defendants Superintendent Mosciki, Drill Instructor Whelan and Counselor Allessi and proposed defendants Commissioner Goord, Deputy Superintendent Sheehan and Chaplin Werbicki "placed a substantial burden on his religious exercise for no compelling reason." (Docket # 57 at ¶ 38).

The RLUIPA provides, *inter alia*, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Smith's original complaint alleges that DOCS personnel imposed substantial burdens upon Lakeview Correctional Facility inmates' exercise of the Muslim religion. (Docket # 1). In his proposed amended complaint, Smith raises additional factual allegations of religious discrimination and seeks to base a RLUIPA claim upon those and the original allegations. Smith's proposed RLUIPA claim alleges a proper subject of relief and may proceed. Further, pursuant to Federal Rule of Civil Procedure 20, I find that proposed defendants Goord, Sheehan and Werbicki are proper parties to this action. *See* 41 U.S.C. § 2000cc-5(4). Smith's motion to amend to include this claim should therefore be granted.

  **2. First Amendment Establishment Clause Claim:** In his second proposed claim, Smith asserts that Superintendent Mosciki, Deputy Superintendent Sheehan, Drill Instructor Whelan, Counselor Allessi and Chaplin Werbicki violated the Establishment Clause of the First Amendment through their religious proselytizing, which "had the effect of advancing the Catholic religion," as well as through assaults and intimidation. (Docket # 57 at ¶ 39).

  The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion . . . ." U.S. Const. amend. I. According to the Supreme Court, this clause guarantees at a minimum that the government "may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" *Lee v. Weisman*, 505 U.S. 577, 587 (1992) (quoting *Lynch v. Donnelly*, 465 U.S. 668, 678 (1984)).

  As with the previous claim, Smith's original and proposed amended complaints sufficiently allege facts that would, if proven, state a claim for relief. Accordingly, Smith's

motion to amend his complaint to include a First Amendment Establishment Clause claim against the existing and newly-identified defendants should be granted.

    **3. First Amendment Free Exercise Claim:** Like the second claim, Smith's third proposed claim is based upon the First Amendment. In this claim, Smith alleges that Superintendent Mosciki, Deputy Superintendent Sheehan, Drill Instructor Whelan, Counselor Allessi and Chaplin Werbicki violated the Free Exercise Clause of the First Amendment by interfering with Muslim religious beliefs and practices. (Docket # 57 at ¶ 40). That clause forbids Congress from making any laws prohibiting "the free exercise" of religion. U.S. Const. amend. I.

    The Free Exercise Clause is an "unflinching pledge to allow our citizenry to explore ... religious beliefs in accordance with the dictates of their conscience." *Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999) (quoting *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984)). Prisoners retain their right to religious freedom even during their incarceration, and therefore they are entitled to reasonable accommodation of their religious beliefs. *Id.* (citing *Kahane v. Carlson*, 527 F.2d 492, 495 (2d Cir. 1975)).

    I find that Smith's proposed Free Exercise Clause claim is properly asserted here, and his motion to amend his complaint to include such claim against the existing and newly-identified defendants should be granted.

    **4. First Amendment Retaliation Claim:** In his fourth proposed claim, Smith asserts a First Amendment retaliation claim against original defendants Allessi and Whelan for alleged retaliatory actions against him based upon his religious beliefs. (Docket # 57 at ¶ 41). To properly assert a First Amendment retaliation claim, a prisoner must show that: "(1) his

actions were protected by the Constitution or federal law; and (2) 'the defendant's conduct complained of was in response to that protected activity.'" *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (quoting *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2d Cir. 1999)).

In his proposed amended complaint, Smith alleges that Whelan assaulted him when he was praying. In my opinion, that allegation is sufficient to state a claim for retaliation. As to Counselor Allessi, Smith alleges that Allessi made derogatory comments about Smith's lawsuit when arrangements were being made for Smith to participate in a conference call with the presiding judge on that case. The complaint further alleges that Allessi refused to allow Smith to participate in that conference call. (Docket # 57 at ¶ 42). These facts, assuming their truth, are sufficient to state a claim against Allessi for retaliation. Thus, I recommend that Smith be permitted to amend his complaint to add claims for retaliation against defendants Allessi and Whelan.

**5. Sixth Amendment Right to Counsel Claim:** Smith's fifth proposed claim alleges that Allessi violated his Sixth Amendment right to counsel based upon Allessi's conduct in apparently preventing Smith from participating in the telephone conference with the presiding judge. According to Smith, Allessi refused to allow him to participate in the telephone conference "in retaliation of plaintiff's religious beliefs and pursuit of a lawsuit." (Docket # 57 at ¶ 42).

The Sixth Amendment to the United States Constitution guarantees:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall

11

> have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend VI.  As this Amendment clearly states, the right to counsel applies only to criminal prosecutions.  *See Texas v. Cobb*, 532 U.S. 162, 173 n.3 (2001) ("the text of the Sixth Amendment confines its scope to 'all criminal prosecutions'").  The legal matter that Smith was scheduled to discuss during the January 5, 2004 telephone conference was a civil action.  Accordingly, Smith's allegations, even if true, do not support a Sixth Amendment violation.  I therefore recommend that his motion to amend his complaint to include a right to counsel claim against defendant Allessi be denied.

      **6.  <u>Eighth Amendment Cruel and Unusual Punishment Claim</u>:**  Smith alleges that Goord, Moscicki, Sheehan, Whelan, Allessi and Werbicki violated his Eighth Amendment right to be free from cruel and unusual punishment.  (Docket # 57).  According to Smith, Whelan "assaulted and intimidated [him] every time he caught [Smith] making silent (prayer)."  (Docket # 57 at ¶¶ 5, 16).  Smith further asserts that the "religious proselytizing activities and deliberate indifference" of the remaining referenced defendants towards Smith and other Muslim inmates was "malicious and sadistic in nature."  (Docket # 57 at p. 23, ¶ 6).

      The Eighth Amendment provides protection against the infliction of cruel and unusual punishment, thereby forbidding conditions involving the "wanton and unnecessary infliction of pain" or that are "grossly disproportionate to the severity of the crime warranting imprisonment."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  In order to establish that the conditions of his confinement amount to a constitutional violation, a prisoner must satisfy both

an objective component and a subjective component. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). The objective component requires that the conditions of confinement result in "unquestioned and serious deprivation of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 347. "Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). The subjective component requires a showing that the defendant acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The state of mind requirement is one of "deliberate indifference to inmate health or safety." *Id.*

In this matter, defendants concede that Smith's accusations that Whelan assaulted Smith when he was engaged in silent prayer are sufficient to allege an Eighth Amendment claim as to defendant Whelan. Smith's motion to amend should be granted to that extent. Smith's allegations of "religious proselytizing" by the other defendants, however, do not sufficiently allege facts that would constitute a serious deprivation of a basic need or violate contemporary standards of decency. *See Rhodes*, 452 U.S. at 347; *Phelps v. Kapnolas*, 308 F.3d at 185. Nor do the allegations against Allessi that she refused to allow Smith to participate in a court conference in retaliation for his religious beliefs amount to an Eighth Amendment violation. I therefore recommend that the motion be granted as to defendant Whelan and denied as to the remaining defendants.

   **7. Fourteenth Amendment Due Process Claim:** Similar to the above claim, Smith also alleges that Goord, Moscicki, Sheehan, Whelan, Werbicki and Allessi, through their

"religious proselytizing activities and deliberate indifference towards plaintiff and other Muslims," violated his Fourteenth Amendment right to due process. (Docket # 57 at ¶ 44). I recommend that this claim not be permitted to proceed.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Thus, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. at 394).

Here, as addressed in the preceding section, Smith has been permitted to proceed on his First Amendment claims against Moscicki, Sheehan, Whelan, Allessi and Werbicki and on his Eighth Amendment claim against Whelan. Applying the Supreme Court's holdings in *Albright* and *Graham*, I find that Smith's proposed due process claim is misplaced, and his amendment to include such claim should be denied.

**8. Fourteenth Amendment Equal Protection Claim:** In the final proposed claim, Smith alleges that Goord, Moscicki, Sheehan, Whelan, Werbicki and Allessi violated his Fourteenth Amendment equal protection rights because they failed to treat his "religious exercise in a neutral manner in comparison with inmates of the Catholic religion." (Docket # 57 at ¶ 45).

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Essentially, this clause directs that all similarly-situated persons must be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). To establish an equal protection violation, a plaintiff must demonstrate "purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing *McCleskey v, Kemp*, 481 U.S. 279, 292 (1987); *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 457-58 (1988)).

In this matter, throughout his original and proposed amended complaint, Smith alleges that defendants have discriminated against him and other Muslims and denied them the right afforded to prisoners of other faiths to freely exercise their religion. (Docket ## 1, 57). Smith has properly alleged an equal protection claim, and his motion to amend to include such claim against the original and newly-identified defendants should be granted.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that Smith's motion for leave to file a supplemental complaint **(Docket # 39)** be **DENIED** and that his motion for leave to file a second amended complaint **(Docket # 57)** be **GRANTED IN PART and DENIED IN PART**.

                                                   s/Marian W. Payson
                                                   MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
       September  22 , 2006

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                              *s/Marian W. Payson*
                                MARIAN W. PAYSON
                              United States Magistrate Judge

Dated: Rochester, New York
       September   22   , 2006