UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE SMITH, 03-A-6565,

                     Plaintiff

-vs-

GLENN GOORD, et al.,

                     Defendant

DECISION AND ORDER

04-CV-6432

_____

      This is an action brought pursuant to 42 U.S.C. § 1983 in which the plaintiff, a prison inmate proceeding *pro se*, contends that defendants violated his constitutional rights by, *inter alia*, denying him Muslim religious services and by physically assaulting him. Now before the Court are plaintiff's Objections [#65] to a Report and Recommendation [#64] by the Honorable Marian W. Payson, United States Magistrate Judge, which denied plaintiff's motion [#39] to file a supplemental complaint, and granted in part and denied in part plaintiff's application [#57] to amend his complaint. For the reasons that follow, plaintiff's objections are denied, and Magistrate Judge Payson's Report and Recommendation [#64] is affirmed and adopted in all respects.

BACKGROUND

      The facts of plaintiff's claims are set forth in the Report and Recommendation and need not be repeated in their entirety here. It is sufficient to note that plaintiff began this lawsuit by alleging that certain officials with the New York State Department of Correctional Services ("DOCS") and certain employees at Lakeview Correctional Facility ("Lakeview") violated his constitutional rights by assaulting him and by failing to provide Muslim religious

1

services at Lakeview.  Plaintiff now seeks to supplement that complaint by alleging that, after he was transferred to Southport Correctional Facility ("Southport"), approximately one year after commencing this action, he was retaliated against by corrections staff there. Additionally, plaintiff seeks to amend his complaint to add new claims (and new defendants) relating to the alleged assaults and denial of Muslim religious services at Lakeview.

The instant objections involve only that portion of the Report and Recommendation which denied plaintiff's application to supplement his complaint by adding the Southport claims.  As to that ruling, the Magistrate Judge denied the application, finding that "judicial economy would [not] be served by combining the original and supplemental claims into a single proceeding." (Report and Recommendation [#64] p. 6).  The Magistrate Judge further stated, in relevant part:

> Other than Commissioner Goord, there is no overlap between the named defendants in both complaints; the events at issue in both complaints are separated by more than a year; and, there is no suggestion that the original defendants were involved in the alleged retaliatory actions taken against Smith in a different facility over a year later.  Indeed, the allegations are to the contrary.
> ***
> Considering these allegations, I find no basis to conclude that any efficiencies would be gained by consolidating these claims for trial.  Nor do I find that Smith's right to relief based upon the allegations in the supplemental complaint 'aris[es] out of the same transaction, occurrence, or series of transactions or occurences' at issue in the original complaint or that it gives rise to 'any question of law or fact common to [the] defendants' in both complaints.

(Report and Recommendation [#64] p. 6) (citing Fed. R. Civ. P. 20(a); *Davis v. State of New York*, 1999 WL 1390247 at *5 (W.D.N.Y. 1999); *Klos v. Haskell*, 835 F.Supp. 710, 716 (W.D.N.Y. 1993) *aff'd* 48 F.3d 81 (2d Cir. 1995)).

In his objections, plaintiff contends that this ruling was erroneous because both his original complaint and his proposed supplemental complaint include allegations against Glenn Goord, former Commissioner of DOCS:

> [Plaintiff] successfully connects the actions of a named defendant (Goord) in the original complaint with the actions of a named defendant (Goord) in the supplemental complaint. The plaintiff proves that the supplemental complaint gives rise to a question of law and fact common to a defendant (Goord) in both complaints.
>
> ***
>
> These complaints are adequately related, because they show that defendant Commissioner Goord has tacitly authorized the practice of mistreating Muslim prisoners and their religion, based on the fact that he has routinely and intentionally failed to act on prior prisoner complaints regarding the mistreatment of Muslim prisoners and their right to practice their religion, which had the effect of inviting the abuses and constitutional violations that the plaintiff mentioned in the supplemental complaint . . . .

(Pl. Objections [#65] p. 3).

## ANALYSIS

The general principles of law involved when a district court is asked to rule upon objections to a decision by a magistrate judge are well settled:

> 28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," except for certain enumerated dispositive motions. See also Fed.R.Civ.P. 72(b) (referring to dispositive motions as those "dispositive of a claim or defense of a party"). Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter. The district court must make de novo determinations as to those matters to which the party has objected. § 636(b)(1)(B)-(C); Fed.R.Civ.P. 72(b). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b). A magistrate, however, may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the "clearly erroneous or contrary to law" standard. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

As for motions to amend pleadings, courts in this Circuit treat such motions as non-dispositive when reviewing a decision by a magistrate judge to which an objection has been made. *See, e.g., Rubin v. Valicenti Advisory Services, Inc.*, No. 03-CV-6201L, 2007 WL 196680 at *2 (W.D.N.Y. Jan. 26, 2007) ("Although the Court of Appeals for the Second Circuit has not ruled on whether a motion to amend a pleading is properly classified as dispositive or nondispositive, 'the weight of authority within this Circuit classifies a motion to amend a [pleading] as a non-dispositive pre-trial motion, and holds that a magistrate's order should be reviewed under the 'clearly erroneous standard.'") (*quoting Palmer v. Monroe County Sheriff*, 378 F.Supp.2d 284, 289 (W.D.N.Y.2005)). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Rule 15(d) states, in relevant part, that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The standard for evaluating a motion to supplement under Rule 15(d) is well settled:

> An application for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.

*Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

In the instant case, plaintiff contends that the proposed supplemental claims are

sufficiently related to the original claims, based primarily, if not exclusively, upon the fact that Goord is a common defendant. However, the presence of a common defendant is not, by itself, sufficient to satisfy Rule 15(d). *See, Albrecht v. Long Island R.R.,* 134 F.R.D. 40, 41 (E.D.N.Y. 1991) ("Plaintiff asserts that the two accidents are related since the alleged injuries, medical experts, and defendant are the same. However, these similarities are essentially superficial, and based on the papers before the Court it is clear that the two accidents are distinct and unrelated. In point of fact, they each occurred at different stations, and apart from the common ownership by defendant, plaintiff does not dispute that the stations are separate and unrelated."). Here, the Court agrees with Magistrate Judge Payson's finding, that plaintiff's proposed supplemental claims, involving events at Southport, are not sufficiently related to the original claims, involving events at Lakeview one year earlier, and that adding the new claims would not promote the economical and speedy disposition of the controversy. Consequently, the Court finds that the Magistrate's ruling was not clearly erroneous, and moreover, the Court would reach the same result applying a *de novo* standard of review.

## CONCLUSION

Plaintiff's objections [#65] are denied, and Magistrate Judge Payson's Report and Recommendation [#64] is affirmed and adopted in all respects.

SO ORDERED.

Dated: Rochester, New York
       February 12, 2007         ENTER:

                                 /s/ Charles J. Siragusa
                                 CHARLES J. SIRAGUSA
                                 United States District Judge